Summers, J.
The Union Depot Company has given to the Columbus Transfer Company the exclusive privilege of standing its vehicles in the depot upon the concourse or driveway from High street to the waiting rooms, and of soliciting customers, and excludes therefrom all others engaged in like business excepting only for the purpose of delivering passengers or of calling for persons who have previously engaged them.
This the plaintiffs contend the defendant can not do; that any discrimination is unlawful, and seek to enjoin the enforcement of any rule'that would have that effect, while the defendant contends not only that it may lawfully do so and that such a regulation is reasonable, but also that none of plaintiffs’ rights are affected, so that they have no standing in court. We have carefully examined the cases cited by counsel, and in our opinion not only the weight of authority, but also the better reason is with the defendant.
Counsel for plaintiffs do not contend that defendant is under any obligation to provide a place for plaintiffs to ply their business, but they do contend that if defendant does provide a place for such business, that then it must be open to all. If this is sound, then it follows that if such a company provides a place for a restaurant, or a barber shop, or a boot black, or a cigar stand, or a news stand , that it can not lease it to any particular person, but must permit anyone engaged in that particular business to carry it on in that place.
What is said in Old Colony R. E. Co. v. Tripp, 147 Mass., 35, is quoted with approval.
“We have not been referred to any decision or dictum in England or in this county, that a common carrier of passengers and their baggage to and from a railroad station has any right, without the consent of the railroad company, to use the grounds, buildings, and platforms of the station for the purpose of soliciting the patronage cf passengers, or that a regulation of the company which allows such use by particular persons, and denies it to • others, violates any right of the latter. Cases at common law or under statutes to determine whether railroad companies in particular instances give equal terms and facilities to different parties to *370 whom they furnished transportation, and with whom they dealt as common carriers, have no bearing on the case at bar. The defendant in his business of solicitor of the patronage of passengers held no relation with the plaintiff as a common carrier, and had no right to use its station grounds and buildings."
The precise question raised in the case before us has not so far as we are advised been passed upon in this state, but it seems to us that the reasoning upon which the decision rests in P., Ft. W., etc., Ry. Co. v. Bingham, Adm’x, 29 Ohio St., 364, leads to the conclusion we have reached.
In the opinion, page 370, Boynton, J., says: "It is, therefore, a right that the public have to enter upon the premises of the company at points designed or designated for receiving passengers, and upon compliance with the rules governing the transportation of persons to be carried over its road to such points thereon as they may desire, The right of the public to enter is co-extensive with the duty of the company to receive and carry. • It, however, cannot be extended beyond this. For all purposes not connected with the operation of its road, the right of the company to the exclusive use and enjoyment of the corporate property is as perfect and absolute as is that of an owner of real property not burdened with public or private easements or servitudes."
Again, on page 373, he says: "His presence at the depot was uninvited, and the company did not owe to him the duty to keep its station house in a safe and secure condition. Its negligence, if any, was necessarily negligence of omission, negligence in having omitted the exercise of ordinary care to ascertain the dangerous character of the building. If the question was between the company and its employes, whose duty it was to occupy the building, - or if it arose between the company and those who came to take passage on its cars, or to accompany a friend about to depart, or to await the arrival of one expected, or to engage in any business connected with the operation of the road, or business with those engaged in its service and having a legal right to be and remain there * * * other considerations would arise.”
As to the cross-petition,the evidence does not show that the *371 plaintiffs are insolvent, so that the case does not come strictly within the rule in Lembeck v. ■ Nye, 47 Ohio St. ,336, Nor does it appear that defendant is not afforded a remedy under sections 3450, 3429, Revised Statutes, nor do we apprehend that plaintiffs will refuse to observe the company’s regulations now that their legality is declared, so that the injunction asked for by the defendant will be refused without prejudice should the future disclose the need of one, and the injunction heretofore granted is dissolved, and the petition dismissed at plaintiffs’ costs.
Carter & Ulry, for Plaintiffs.
Harrison, Olds & Henderson, for Defendants.
(The decree in the case is as follows):
“This day came said parties by their attorneys, and this cause came on to be' heard upon the amended petition of said plaintiffs, the answer and cross-petition as amended of said defendant, the reply of said plaintiffs, and the evidence, and was argued by counsel and submitted to the court: And, on consideration thereof, the court find on the issues joined for the defendant, the Union Depot Company; that said defendant had, and has, the right to give to the Columbus Transfer Company the exclusive privilege of standing its vehicles in the Union Depot of said defendant upon the concourse or driveway from High street to the waiting rooms and of soliciting customers thereon, and to exclude therefrom all others engaged in a like business excepting only for the purpose of delivering passengers or of calling for persons who have previously engaged them; that said defendant had, and has, the power to adopt and enforce the rules and regulations, a copy of which is attached to the answer and cross petition of said defendant and marked exhibit “B”; and that said plaintiffs are not entitled to the relief prayed for in their said amended petition, or to any part thereof.
“Therefore, it is ordered, adjudged and decreed that the said petition of said plaintiffs be, and the same hereby is, absolutey dismissed; that the injunction heretofore granted by the court of common pleas in this cause be, and the same hereby is, vacated and dissolved; that said plaintiff pay the costs of this action taxed at 8-----; and that the injuction prayed for by said defendant in its cross-petition be, and
*372 To which finding and ruling of the court plaintiffs except, the same hereby is, refused, but without prejudice to the right of said defendant to bring a future action therefor in case it may hereafter need an injunction.